UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICKI SUE GOCHENOUR, as Executrix of the Estate of
GUY GOCHENOUR, deceased, and VICKI SUE
GOCHENOUR, Individually,

                              Plaintiffs,                        **COMPLAINT**

-v-

UNITED STATES OF AMERICA,

                              Defendant,
------------------------------------------------------------------X

Plaintiffs, though their attorneys, Meagher & Meagher, P.C., upon information and belief, allege the following:

## SUBJECT MATTER JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1346(b) and 1367(a).

2. Venue is proper pursuant to 28 U.S.C. 1391(e) in that this is an action against the United States of America and agents thereof are located in the County of Westchester and the acts and omissions alleged occurred within the Southern District of New York and Plaintiff resides in Sparrow Bush, New York.

## THE PARTIES

3. Plaintiff-Decedent, GUY GOCHENOUR, died on October 25, 2018.

4. VICKI SUE GOCHENOUR is an adult over the age of eighteen (18) and is the Executrix of the Estate of GUY GOCHENOUR.

5. Plaintiff, VICKI SUE GOCHENOUR, resides at 779 East Peenpack Trail, Sparrow Bush, New York 12780.

1

6. Plaintiff-Decedent, GUY GOCHENOUR, died a resident of Orange County, State of New York, residing at 779 East Peenpack Trail, Sparrow Bush, New York 12780.

7. On February 22, 2019, Letters Testamentary were issued by the Surrogates Court, Orange County to VICKI SUE GOCHENOUR and remain in full force and effect.

8. At all times herein mentioned, CORNERSTONE FAMILY HEALTHCARE f/k/a MIDDLETOWN COMMUNITY HEALTH CENTER (hereinafter referred to "CORNERSTONE"), was a duly constituted department and entity of the UNITED STATES OF AMERICA.

9. At all times hereinafter mentioned Defendant, UNITED STATES OF AMERICA, owned, operated, managed, and funded CORNERSTONE.

10. At all times, CORNERSTONE had a principal place of business located at 2570 Route 9W, Cornwall, New York 12518.

11. At all times, CORNERSTONE had a principal place of business located at 21 Orchard Street, Middletown, New York 10940.

12. At all times, CORNERSTONE had a principal place of business located at 140 Hamond Street, Port Jervis, New York 12771.

13. At all the times hereinafter mentioned, JOYCE HILL, FNP (hereinafter referred to as "HILL), was a family nurse practitioner licensed to practice nursing and practicing nursing in the State of New York.

14. At all the times hereinafter mentioned, HILL was an employee of the defendant, UNITED STATES OF AMERICA.

15. At all times hereinafter mentioned, HILL was acting within the scope of her employment as an employee of the Defendant, UNITED STATES OF AMERICA.

16. At all the times hereinafter mentioned, HILL was an employee of CORNERSTONE.

17. At all times hereinafter mentioned, HILL was acting within the scope of her employment as an employee of CORNERSTONE.

18. At all times hereinafter mentioned, CORNERSTONE owned, operated and controlled the facility located at 2570 Route 9W, Cornwall, New York 12518.

19. At all times hereinafter mentioned, CORNERSTONE owned, operated and controlled the facility located at 21 Orchard Street, Middletown, New York 10940.

20. At all times hereinafter mentioned, CORNERSTONE owned, operated and controlled the facility located at 140 Hamond Street, Port Jervis, New York 12771.

21. At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated and controlled the facility located at 2570 Route 9W, Cornwall, New York 12518.

22. At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated and controlled the facility located at 21 Orchard Street, Middletown, New York 10940.

23. At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated and controlled the facility located at 140 Hamond Street, Port Jervis, New York 12771.

24. At all times hereinafter mentioned, CORNERSTONE, claimed to and held itself out to the public that they provided proper medical care, safe and good treatment to its patients, including Plaintiff-Decedent, GUY GOCHENOUR.

25. At all times hereinafter mentioned, Defendant, UNITED STATES OF

AMERICA, claimed to and held itself out to the public that they provided proper medical care, safety and good treatment to its patients, including Plaintiff-Decedent, GUY GOCHENOUR.

26. From December of 2014 through October of 2017, Plaintiff-Decedent, GUY GOCHENOUR was a patient of Defendant, UNITED STATES OF AMERICA.

27. From December of 2014 through December of 2017, Plaintiff-Decedent GUY GOCHENOUR, was a patient of CORNERSTONE.

28. From December of 2014 through December of 2017, Plaintiff-Decedent GUY GOCHENOUR, was a patient of HILL.

29. During the years 2014 through 2017 and more specifically from December 2014 through December 2017, the Defendant, UNITED STATES OF AMERICA, provided medical care and treatment to Plaintiff-Decedent, GUY GOCHENOUR.

30. During the years 2014 through 2017, and more specifically from December 2014 through December 2017, CORNERSTONE provided medical care and treatment to Plaintiff-Decedent, GUY GOCHENOUR.

31. During the years 2014 through 2017, and more specifically from December 2014 through December 2017, HILL provided medical care and treatment to Plaintiff-Decedent, GUY GOCHENOUR.

32. That at all times herein mentioned, from 2014 through 2017, Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees failed to appreciate and treat the signs and symptoms of liver cancer in the Plaintiff-Decedent, GUY GOCHENOUR.

33. That at all times herein mentioned, from 2014 through 2017, Defendant, its agents, servants and/or employees failed to follow the standards of care when they failed to, *inter alia*, perform routine screening for liver cancer at appropriate and recommended times and

intervals; follow up on results of tests performed; perform full, complete and appropriate examinations; elicit a proper history; elicit necessary and appropriate medical information; follow protocols related to Aspartate Aminotransferase (AST)AST testing; timely appreciate and treat the signs and symptoms of liver cancer at a time when it would have impacted on the Plaintiff-Decedent, GUY GOCHENOUR's life expectancy; to order and perform appropriate radiological testing; perform repeat blood work and follow and monitor laboratory findings.

34. That at all times herein mentioned, from 2014 through 2017, Defendant, its agents, servants and/or employees failed to follow the standards of care resulting in the loss of chance of cure for Plaintiff-Decedent, GUY GOCHENOUR.

35. On or about December 28, 2017, Plaintiff-Decedent, GUY GOCHENOUR, was diagnosed with hepatocellular carcinoma.

36. As a result of improper medical care and treatment or a lack thereof rendered to the Plaintiff-Decedent, GUY GOCHENOUR, by the Defendant herein, its agents, servants and/or employees, the Plaintiff-Decedent sustained severe, serious, and permanent personal damages resulting in death.

37. The injuries and damages sustained by the Plaintiff-Decedent, GUY GOCHENOUR, were caused by the negligence of the Defendant, its agents, servants and/or employees without any negligence on the part of the Plaintiffs' contributing thereto.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

38. On July 29, 2019, Plaintiffs' presented their claims to the appropriate Federal Agency for administrative settlement under the FTCA pursuant to 28 U.S.C. § 2671, et, seq. (See Forms 95 submitted on behalf of VICKI SUE GOCHENOUR and the Estate of GUY GOCHENOUR attached herewith).

5

39. As of the filing of this Complaint, no denial has been issued on this claim and more than six months have elapsed since the presentment of the claims.

40. Pursuant to 28 U.S.C. 2401(b) the within Summons and Complaint is timely.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

41 Plaintiffs repeats, reiterates and realleges each and every allegation of paragraphs "1" through "40" inclusive with the same force and effect as if more fully set forth herein.

42. Defendant, its agents, servants and/or employees undertook to attend and provide medical care to Plaintiff-Decedent, GUY GOCHENOUR, from December of 2014 through October of 2017 at CORNERSTONE's facilities located at 2570 Route 9W, Cornwall, New York 12518.

43. Defendant, its agents, servants and/or employees undertook to attend and provide medical care to Plaintiff-Decedent, GUY GOCHENOUR, from December of 2014 through October of 2017 at CORNERSTONE's facilities located at 21 Orchard Street, Middletown, New York 10940.

44. Defendant, its agents, servants and/or employees undertook to attend and provide medical care to Plaintiff-Decedent, GUY GOCHENOUR, from December of 2014 through October of 2017 at CORNERSTONE's facilities located at 140 Hamond Street, Port Jervis, New York 12771.

45. Beginning in December of 2014 and continuing through October of 2017, the Plaintiff- Decedent, GUY GOCHENOUR, presented to Defendant, its agents, servants and employees with signs and symptoms that were indicative of liver cancer.

46. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR, by failing to appreciate the signs and symptoms of

6

liver cancer exhibited by GUY GOCHENOUR and render appropriate treatment.

47. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHEOUR, by failing to monitor him for liver cancer.

48. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR, by failing to perform age appropriate diagnostic tests and/or assessments upon him.

49. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR, by failing to timely diagnose Plaintiff-Decedent with liver cancer.

50. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR by failing to perform thorough physical examinations, including laboratory work, and repeat them at appropriate intervals.

51. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR, by failing to appreciate and follow up on Plaintiff-Decedent's elevated AST level reported in the December 2014 lab results.

52. Defendant, its agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, GUY GOCHENOUR by failing to administer regular and continuous testing of Plaintiff-Decedent's AST levels.

53 As a result of the improper medical care and treatment and/or the lack thereof rendered to Plaintiff-Decedent, GUY GOCHENOUR, by the Defendant herein, one, some or all of them, its agents, servants and/or employees, the Decedent sustained severe, serious, and permanent personal injuries resulting in his death

54. The injuries and damages sustained by Plaintiff-Decedent were caused by the

negligence of the Defendant, its agents, servants and/or employees without any negligence on the part of the Plaintiffs contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

55. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "54" inclusive with the same force and effect as if more fully set forth herein.

56. Defendant and its agents, servants and/or employees performed and/or failed to perform medical treatment, procedures and diagnostic procedures upon Plaintiff-Decedent, GUY GOCHENOUR, without obtaining his informed consent.

57. Defendant and its agents, servants and/or employees failed to disclose all of the facts that a reasonable doctor, healthcare personnel under such circumstances would explain to a patient, including failure to disclose the risks and benefits of various courses of treatment, the alternative thereto, and the risks and benefits relating to the alternatives, and otherwise failed to properly, adequately, and fully inform the Plaintiff-Decedent.

58. Defendants, its agents, servants and/or employees failed to advise Plaintiff-Decedent, GUY GOCHENOUR of the risks, dangers and consequences associated with the performance or nonperformance of the aforesaid medical treatments, procedures, and diagnostic procedures.

59. A reasonably prudent person in Plaintiff-Decedent's position would not have permitted, allowed or undergone the medical treatments, procedures, and/or diagnostic procedures and would have chosen a different course of treatment if he had been fully informed of the risks, dangers and consequences and the alternatives thereto.

60. As a result of the aforesaid medical treatments, procedures, and/or diagnostic procedures being withheld or performed upon Plaintiff-Decedent, without his informed consent,

8

the Plaintiff-Decedent, GUY GOCHENOUR, was damaged.

61. As a result of the Defendant's failure to obtain informed consent Plaintiff-cedent, GUY GOCHENOUR, was caused to sustain severe and permanent injuries resulting in his death

62. Such lack of informed consent is a proximate cause of Plaintiff-Decedent, GUY GOCHENOUR's injuries for which relief is sought herein.

63. The injuries and damages sustained by the Decedent were caused by the negligence of the Defendant, its agents, servants and/or employees without any negligence on the part of the Plaintiffs, GUY GOCHENOUR and VICKI SUE GOCHENOUR, contributing thereto.

64. By reason of the foregoing, FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION Plaintiffs have been damage in the sum of TWO MILLION ($2,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION FOR LOSS OF SERVICES

65. Plaintiff repeats and reiterates and re-alleges all allegations set forth in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. At all the times herein before mentioned, the Plaintiff, VICKI SUE GOCHENOUR, was the lawful spouse of Plaintiff-Decedent, GUY GOCHENOUR and cohabited with him as husband and wife.

67. That by reason of the foregoing negligence of the defendant herein and without any negligence or culpable conduct on Plaintiffs' part contributing thereto, the Plaintiff, VICKI SUE GOCHENOUR, has been deprived of the consortium, services, love and affection of her husband, all to her damage in the sum of TWO MILLION ($2,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH

68. Plaintiff repeats and reiterates and re-alleges all allegations set forth in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

69. The aforesaid death of Plaintiff-Decedent, GUY GOCHENOUR was due to carelessness, negligence, abandonment and/or departures from accepted and proper medical, oncological, nursing and other good practices, on the part of the Defendant herein, its agents, servants and/or employees, in the care and treatment or lack thereof that was rendered to Plaintiff-Decedent herein, without any negligence on the part of the Plaintiffs' contributing thereto.

70. At the time of his death, Plaintiff-Decedent, GUY GOCHENOUR, left surviving his next of kin who suffered pecuniary and other losses as a result of his death.

71. As a result of the aforesaid, Plaintiffs herein, Estate of GUY GOCHENOUR and VICKI SUE GOCHENOUR and other next of kin, have been damaged in a sum of TWO MILLION ($2,000,000.00) Dollars.

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 16.

72. This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**WHEREFORE**, Plaintiffs demand judgment against all defendants for:

a) Damages in the sum of Two Million and 00/00 Dollars ($2,000,000.00) in the FIRST and SECOND CAUSES OF ACTION;

b) Damages in the sum of Two Million ($2,000,000.00) Dollars in the THIRD CAUSE OF ACTION;

c) Damages in the sum of Two Million and 00/100 ($2,000,000.00) Dollars in the FOURTH CAUSE OF ACTION;

d)   Costs, disbursements, and attorney fees; and

e)   Such other and further relief as this court deems just and proper.

Dated: White Plains, New York
       June 15, 2020

*[signature]*

By: Keith J. Clarke, Esq.
MEAGHER & MEAGHER, P.C.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
(914) 328-8844
Fax: (914) 328-8570
Lawoffice@meagherandmeagherpc.com@

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICKI SUE GOCHENOUR, as Executrix of the Estate of
GUY GOCHENOUR, deceased, and VICKI SUE
GOCHENOUR, Individually,

                                    Plaintiffs,                         **CERTIFICATE**
                                                                                **OF MEDICAL**
              -v-                                                          **MALPRACTICE**

UNITED STATES OF AMERICA,

                                    Defendant,
-----------------------------------------------------------------X

       KEITH J. CLARKE, an attorney duly admitted to practice in the Courts of the State of New York and the United States District Court for the Southern District of New York hereby affirms under the penalties of perjury:

       I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state, or any other state, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: White Plains, New York
         June 15, 2020

                                                                   KEITH J. CLARKE, ESQ.

Case No.: _____

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKI SUE GOCHENOUR, as Executrix of the Estate of
GUY GOCHENOUR, deceased, and VICKI SUE
GOCHENOUR, Individually,

                                    Plaintiffs,

-v-

UNITED STATES OF AMERICA,

                                    Defendants.

## COMPLAINT

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

Pursuant to FRCP Rule 11, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: June 15, 2020      Signature _____

                              Print Signature's Name KEITH J. CLARKE, ESQ.

Service of a copy of the within                        is hereby admitted.
Dated: _____

                              Attorney(s) for _____